The court at General Term, held: “ That the disposition made of these requests was clearly erroneous, because by it the jury were left to determine the law governing the case. It is not for a jury to determine what the duty of a citizen is, in any case.
“As a general rule, the sidewalks of the streets of a city are for the free use of its citizens, and those engaged in building or repairing a building above the sidewalks, or tearing down a building, are required to take all proper care and precaution which a prudent and careful man would take under the same circumstances, to prevent passers-by from being injured by any object falling from the building. If, with ordinary *530 care and precaution, objects cannot be prevented front falling, the duty arises on the part of the persons prosecuting the work to provide adequate means to prevent persons passing in dangerous proximity, or at least to give adequate warning. But what constitutes adequate means in a particular case must always depend upon the special circumstances of the case. The erection of guards or barricades may be sufficient in one case ; stationing a man or men to warn off passers-by in another; posting danger signals in conspicuous places, in the third ; constructing a shed or roof over the sidewalk in the fourth; and so on. The failure to adopt any one of these precautionary measures is not of itself evidence of negligence, provided the one actually adopted is reasonably sufficient under all the circumstances, nor can any person be held for an insufficient adoption unless the work, in the course of which the injury arose, was carried on by himself or by agents or servants of which he had the selection and direction. The test always is, whether the defendant, under all the circumstances disclosed by the evidence, exercised the same care and diligence which a prudent and careful man may be reasonably expected to exercise under the same circumstances. The jury should have been charged in accordance with these views, and they should have been instructed that if, on the day in question, neither the defendant nor any of his men were at work on the front of the building, and the only persons at work there were the sub-contractors, or the men of either, the defendant, though the principal contractor, was under no legal obligation to adopt any of these precautionary measures for the protection of persons passing on the sidewalk, and that in such case the duty devolved upon the sub-contractor actually at work on the front of the building.”
Whitlock & Hamilton, tor appellants.
Warren & Etheridge, for respondent.
*531 Opinion by Freedman, J.; Sedgwick, Ch. J., and Truax, J., concurred.
Judgment and order reversed ; new trial ordered ; costs to appellants to abide event.